**Opinion filed October 15, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00193-CR

_____

## LEMMUEL NIVEK HATCHER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16292B**

## M E M O R A N D U M   O P I N I O N

The jury convicted appellant, Lemmuel Nivek Hatcher, of possession of cocaine with the intent to deliver in a drug free zone. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty years. Appellant challenges his conviction in four issues. We affirm.

*Background Facts*

Officer Tommy Pope of the Narcotics Division of the Abilene Police Department testified that he obtained a search warrant to search for cocaine at the residence located at 3749 Laurel in

Abilene. Upon executing the search warrant, officers encountered appellant and one of his roommates, Antonio Fuentes, at the residence. The officers initially discovered a set of electronic scales and some prescription medication in an unmarked bottle located inside a shoe box. Agent Susan Belver subsequently found a plastic bag containing sixteen grams of cocaine. She found the cocaine in a newspaper that was wrapped up and enclosed within a plastic sleeve that is often used to protect a newspaper from getting wet when it is raining.

Officer Pope testified that the sixteen grams of cocaine found by Agent Belver was more than a typical drug user would normally possess. He stated that a single dose of cocaine would either be a quarter or a fifth of a gram. Officer Pope further testified that the form of cocaine that Agent Belver found could be used to make crack cocaine, thereby doubling its quantity.

The State called appellant's third roommate, Brandi Hyke, as a witness. Hyke testified that she observed appellant and Fuentes engaging in drug transactions both before she lived with them and afterwards. She observed people coming to their house to purchase drugs. She also observed appellant and Fuentes weighing drugs and placing drugs into bags. Hyke testified that appellant and Fuentes participated together in drug transactions. She described the transactions in the following manner: "[a] person -- any male or female would come to the house and want cocaine. They would get it from wherever they hid it from, weigh it on a scale and bag it in a plastic bag, hand it to them and receive money." Hyke testified that a rolled-up newspaper was appellant's and Fuentes's favorite hiding place for their cocaine and that she had personally observed appellant removing cocaine from a rolled-up newspaper for drug transactions. She estimated that she observed appellant and Fuentes engage in approximately 100 drug transactions. Hyke also delivered drugs to customers for appellant and Fuentes on a few occasions.

*Analysis*

Appellant asserts in his first issue that the trial court erred in denying his motion for continuance. The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); *see* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.06(6) (Vernon 2006). A defendant must show specific prejudice to his defense to establish that the trial court abused its discretion in refusing to grant a continuance. *Heiselbetz*, 906 S.W.2d at 511.

2

Appellant's counsel presented a handwritten motion to the trial court on the morning that trial was scheduled to begin – March 24, 2008 – seeking a continuance because he was not ready for trial. He advised the court that he had not prepared to try the case because he believed that appellant would accept the State's plea offer. In this regard, appellant's counsel advised the trial court that the State had made a "good" plea offer and that he was afraid that the State would withdraw the offer if he requested discovery or talked to appellant's codefendants. In denying the motion for continuance, the trial court noted that the case had been pending for over a year and had been set for trial on numerous occasions. The trial court additionally noted that the parties were notified of the current setting of March 24, 2008, on December 18, 2007, and that the parties were notified after a docket call on March 5, 2008, that the case was set "#1 on the jury trial docket for Monday, March 24, 2008."

The trial court proceeded with jury selection after overruling the motion for continuance. The trial court proceedings concluded for the day on March 24, 2008, after the jury was selected. When trial resumed on March 25, 2008, the trial court began the proceedings with a discussion with appellant's counsel and the prosecutor regarding the State's disclosure of information pertaining to the case after the denial of the motion for continuance. Appellant's counsel advised the trial court that the prosecutor had "complied with the standard discovery order." After asking the prosecutor about the information that had been disclosed to appellant's counsel, the trial court determined that the State "has either complied with the [trial court's] standard discovery order or will comply with the standard discovery order."

Appellant contends that he was prejudiced by the denial of the motion for continuance because his attorney did not have more time to prepare for trial. We would first note that appellant's counsel had ample time to prepare for trial. In this regard, counsel made the affirmative decision not to prepare for trial even though he had notice of the trial setting for more than three months and had at least two weeks notice that the case was at the top of the trial court's jury docket. Regardless of counsel's reasons for not preparing for trial, appellant does not establish any specific prejudice to his defense arising from the trial court's denial of the motion for continuance. Absent a showing of prejudice, we cannot hold that the trial court abused its discretion in overruling appellant's motion for continuance. Appellant's first issue is overruled.

Appellant asserts in his second issue that the trial court erred in denying his request for a limiting instruction pertaining to Hyke's testimony about extraneous offenses. Specifically, he asserts that the trial court denied his request to instruct the jury that the extraneous offenses must be proven beyond a reasonable doubt. Appellant's complaint on appeal is not consistent with the instruction that he requested at trial. Appellant requested the trial court to instruct the jury that evidence offered during the guilt/innocence phase pertaining to a prior conviction could not be considered for any purpose. In order to preserve error for review on appeal, TEX. R. APP. P. 33.1(a) requires that an appellant make the complaint to the trial court by a timely request, objection, or motion that specifically stated the grounds for the ruling sought and that the trial court ruled on the request, objection, or motion, either expressly or implicitly or refused to rule. Accordingly, appellant did not preserve error on the complaint that he presents on appeal. Furthermore, contrary to appellant's complaint on appeal, the court's charge instructed the jury to disregard the evidence of extraneous acts unless it determined beyond a reasonable doubt that appellant committed the acts. Appellant's second issue is overruled.

In his third issue, appellant contends that the trial court erred in admitting Hyke's testimony under TEX. R. EVID. 404(b). Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." However, it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *Pondexter v. State*, 942 S.W.2d 577, 583-84 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991). "[I]f evidence (1) is introduced for a purpose other than character conformity, (2) has relevance to a 'fact of consequence' in the case and (3) remains free of any other constitutional or statutory prohibitions, it is admissible." *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). As long as the trial court's ruling is within the "zone of reasonable disagreement," there

4

is no abuse of discretion, and the trial court's ruling will be upheld. *Montgomery*, 810 S.W.2d at 391.

The trial court conducted a hearing outside the presence of the jury to determine the admissibility of Hyke's testimony. The State argued that the evidence was admissible under Rule 404(b) to show intent, motive, opportunity, and lack of mistake. The trial court agreed with the applicability of the exceptions given by the State in overruling appellant's Rule 404(b) objection. We conclude that the trial court did not abuse its discretion in admitting Hyke's testimony. Her testimony helped to affirmatively link appellant to the cocaine found in an obscure location of a home occupied by multiple individuals. Hyke's testimony also helped to establish that appellant possessed the cocaine with the intent to deliver. Appellant's third issue is overruled.

In his fourth issue, appellant contends that the trial court erred in overruling his objection under TEX. R. EVID. 403 to Hyke's testimony. Rule 403 states that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. There are four factors that should be considered in a Rule 403 balancing test:

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable – a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

> (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

> (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and

> (4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). There is a presumption under Rule 403 that the probative value of the challenged evidence outweighs its prejudicial effect. *Montgomery*, 810 S.W.2d at 388. "Rule 403 requires exclusion of evidence only when there exists

a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001). A trial court's ruling under Rule 403 is also reviewed under an abuse-of-discretion standard. *Santellan*, 939 S.W.2d at 169.

Looking at probative value, Hyke's testimony about appellant's participation in other drug transactions makes it more probable that appellant knowingly possessed the cocaine found by Agent Belver with the intent to deliver. While the quantity of the cocaine found suggested that it was possessed with the intent to deliver, Hyke's testimony added an additional element of proof by serving to connect appellant to the cocaine found by Agent Belver. While Hyke's testimony was prejudicial to appellant, we conclude that the trial court did not abuse its discretion by determining that its probative value was not substantially outweighed by the danger of unfair prejudice. Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


October15, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.